**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---

| | |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, et al., | Case No. 19-11466 (MFW) |
| Debtor. | (Jointly Administered) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, PHILADELPHIA ACADEMIC HEALTH SYSTEM, LLC, and ST. CHRISTOPHER'S HEALTHCARE, LLC, | |
| Plaintiff, | |
| vs. | Adv. Pro. No.: 21-50924 (MFW) |
| TOZOUR ENERGY SYSTEMS, INC. d/b/a TOZOUR-TRANE, | |
| Defendant. | |

## ANSWER OF TOZOUR ENERGY SYSTEMS, INC. d/b/a TOZOUR-TRANE, TO AMENDED COMPLAINT FOR AVOIDANCE AND RECOVERY TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 & 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)

Tozour Energy Systems, Inc. d/b/a Tozour-Trane (the "Defendant"), by and through its undersigned attorneys, hereby allege for its Answer to the Amended Complaint (the "Complaint") of Center City Healthcare, LLC d/b/a Hahnemann University Hospital, Philadelphia Academic Health System, LLC, and St. Christopher's Healthcare, LLC (collectively, the "Plaintiff") as follows:

## NATURE OF THE ACTION

1. With respect to paragraph 1 of the Complaint, no admission or denial is required as to Plaintiff's characterization of this action. To the extent that paragraph 1 makes any allegations of fact requiring a response, Defendant denies such allegations.

2. With respect to paragraph 2 of the Complaint, no admission or denial is required. To the extent that paragraph 2 makes any allegations of fact requiring a response, Defendant denies such allegations.

3. With respect to paragraph 3 of the Complaint, no admission or denial is required. To the extent that paragraph 3 makes any allegations of fact requiring a response, Defendant denies such allegations.

4. With respect to paragraph 4 of the Complaint, no admission or denial is required. To the extent that paragraph 4 makes any allegations of fact requiring a response, Defendant denies such allegations.

5. With respect to paragraph 5 of the Complaint, no admission or denial is required. To the extent that paragraph 5 makes any allegations of fact requiring a response, Defendant denies such allegations.

## PARTIES

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 6 and, therefore, the same are denied.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 7 and, therefore, the same are denied.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 8 and, therefore, the same are denied.

13106854.v1

...

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 9 and, therefore, the same are denied.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 10 and, therefore, the same are denied.

11. Defendant admits it is a corporation formed under the laws of the Commonwealth of Pennsylvania with its principal office address at 3606 Horizon Drive, King of Prussia, Pennsylvania 19406. To the extent that Paragraph 11 contains any further factual allegations, such allegations are denied.

12. Paragraph 12 of the Complaint is a legal conclusion to which no response is required. To the extent that paragraph 12 makes any allegations of fact requiring a response, Defendant denies such allegations.

## JURISDICTION AND VENUE

13. Paragraph 13 of the Complaint is a legal conclusion to which no response is required. To the extent that paragraph 13 makes any allegations of fact requiring a response, Defendant denies such allegations.

14. Paragraph 14 of the Complaint is a legal conclusion to which no response is required. To the extent that paragraph 14 makes any allegations of fact requiring a response, Defendant denies such allegations.

15. Paragraph 15 of the Complaint is a legal conclusion to which no response is required. To the extent that paragraph 15 makes any allegations of fact requiring a response, Defendant denies such allegations.

16. Paragraph 16 of the Complaint is a legal conclusion to which no response is required. To the extent that paragraph 16 makes any allegations of fact requiring a response, Defendant denies such allegations.

## **FACTS**

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 17 and, therefore, the same are denied.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 18 and, therefore, the same are denied.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 19 and, therefore, the same are denied.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 20 and, therefore, the same are denied.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 21 and, therefore, the same are denied.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 22 and, therefore, the same are denied.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 23 and, therefore, the same are denied.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 24 and, therefore, the same are denied.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 25 and, therefore, the same are denied.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 26 and, therefore, the same are denied.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 27 and, therefore, the same are denied.

28. Defendant admits having received certain transfers prior to the Petition Date on account of goods and/or services previously provided. To the extent that Paragraph 28 of the Complaint makes any further allegations of fact requiring a response, Defendant denies such allegations.

29. Defendant admits having received certain transfers prior to the Petition Date on account of goods and/or services previously provided. To the extent that Paragraph 29 of the Complaint makes any further allegations of fact requiring a response, Defendant denies such allegations.

30. Defendant admits that the Debtors filed a plan of liquidation in the Chapter 11 cases that does not provide for payment in full of the claims of general unsecured creditors of any of the Debtors. To the extent that Paragraph 30 of the Complaint makes any further allegations of fact requiring a response, Defendant denies such allegations.

31. Defendant admits that the Debtors sent a demand letter seeking payment from the Defendant, and Defendant did not respond to the demand letter. To the extent that Paragraph 31 of the Complaint makes any further allegations of fact requiring a response, Defendant denies such allegations.

32. Paragraph 32 of the Complaint are irrelevant facts and legal conclusion to which no response is required. To the extent that paragraph 32 makes any allegations of fact requiring a response, Defendant denies such allegations.

## CLAIMS FOR RELIEF

### Count I: Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547

33. Defendant repeats and realleges the assertions contained in Paragraphs 1 through 32 as though set forth fully herein.

34. Defendant admits having received certain transfers prior to the Petition Date on account of goods and/or services previously provided. To the extent that Paragraph 34 of the Complaint makes any further allegations of fact requiring a response, Defendant denies such allegations.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 35 and, therefore, the same are denied.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint. To the extent that paragraph 36 makes any allegations of fact requiring a response, Defendant denies such allegations.

37. Paragraph 37 contains legal conclusions for which no response is necessary. To the extent that paragraph 37 makes any allegations of fact requiring a response, Defendant denies such allegations.

38. Defendant admits it that any transfers received from one of more of the Debtors during the 90 days immediately prior to the Petition Date was on account of antecedent debt. To the extent that paragraph 38 makes any allegations of fact requiring a response, Defendant denies such allegations.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 39 and, therefore, the same are denied.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint. To the extent that paragraph 40 makes any allegations of fact requiring a response, Defendant denies such allegations.

41. Defendant admits that it has not returned any of the Transfers to the Plaintiffs. To the extent that paragraph 41 makes any allegations of fact requiring a response, Defendant denies such allegations.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint. To the extent that paragraph 42 makes any allegations of fact requiring a response, Defendant denies such allegations.

**Count II: Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. § 548**

43. Defendant repeats and realleges the assertions contained in Paragraphs 1 through 42 as though set forth fully herein.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint. To the extent that paragraph 45 makes any allegations of fact requiring a response, Defendant denies such allegations.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint. To the extent that paragraph 45 makes any allegations of fact requiring a response, Defendant denies such allegations.

**Count III: Recovery of Property Pursuant to 11 U.S.C. § 550**

46. Defendant repeats and realleges the assertions contained in Paragraphs 1 through 45 as though set forth fully herein.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint. To the extent that paragraph 47 makes any allegations of fact requiring a response, Defendant denies such allegations.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint. To the extent that paragraph 48 makes any allegations of fact requiring a response, Defendant denies such allegations.

### Count IV: Claim Objection Pursuant to 11 U.S.C. § 502

49. Defendant repeats and realleges the assertions contained in Paragraphs 1 through 48 as though set forth fully herein.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint. To the extent that paragraph 50 makes any allegations of fact requiring a response, Defendant denies such allegations.

51. Defendant admits that it has not returned any of the Transfers to the Plaintiffs. To the extent that paragraph 51 makes any allegations of fact requiring a response, Defendant denies such allegations.

52. Defendant denies the allegations contained in paragraph 52 of the Complaint. To the extent that paragraph 52 makes any allegations of fact requiring a response, Defendant denies such allegations.

### **AFFIRMATIVE DEFENSES**

Defendant will rely upon the following Affirmative Defenses, if applicable, and if established by facts during the course of discovery and at trial. Defendant does not hereby assume any burden of proof that would otherwise rest on the Plaintiff.

**First Affirmative Defense**: The Complaint, and each and every count therein, fails to state a claim upon which relief can be granted, in that Defendant was not the recipient or transferee of any Transfer(s) as alleged in the Complaint.

**Second Affirmative Defense:  Contemporaneous Exchange**: Defendant denies that it received any transfer from the Debtors that could be avoided as a preference under 11 U.S.C. § 547.  Subject to, and without waiving its denial to having received any preferential transfer, to the extent the Debtors are able to prove that a transfer was made by the Debtors to the Defendant during the preference period, any such transfers may not be avoided because, pursuant to 11 U.S.C. § 547(c)(1), each transfer was intended by the Debtors and the Defendant to be contemporaneous exchanges for new value given to the Debtors, and were, in fact, contemporaneous exchanges. Consequently, such transfers may not be avoided by virtue of 11 U.S.C. § 547(c)(1).

**Third Affirmative Defense:  Ordinary Course of Business:**  Defendant denies that it received any transfer from the Debtors that could be avoided as a preference under 11 U.S.C. § 547.  Subject to, and without waiving its denial to having received any preferential transfer, to the extent the Debtors are able to prove that a transfer was made to the Defendant during the preference period, any such transfers may not be avoided because, pursuant to 11 U.S.C. § 547(c)(2), all transfers received were made in payment of debts incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and the Defendant and the transfers were all made in the ordinary course of business or financial affairs of the Debtors and the Defendant.

**Fourth Affirmative Defense:  Ordinary Course of Business**: Defendant denies that it received any transfer from the Debtors that could be avoided as a preference under 11 U.S.C. § 547.  Subject to, and without waiving their denial to having received any preferential transfer, to the extent the Debtors are able to prove that a transfer was made to the Defendant during the

preference period, any such transfers may not be avoided because, pursuant to 11 U.S.C. § 547(c)(2), all transfers received were made in payment of debts incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and the Defendant, and the transfers were all made according to ordinary business terms.

**Fifth Affirmative Defense:  Subsequent New Value**: Defendant denies that it received any transfer from the Debtors that could be avoided as a preference under 11 U.S.C. § 547.  Subject to, and without waiving their denial to having received any preferential transfer, to the extent the Debtors are able to prove that a transfer was made by the Debtors to the Defendant during the preference period, any such transfers may not be avoided because, pursuant to 11 U.S.C. § 547(c)(4), subsequent to each transfer, the Defendant provided value for the benefit of the Debtors, not secured by an otherwise unavoidable security interest, and on account of which new value the debtors did not make an otherwise unavoidable transfer to or for the benefit of the Defendant.

**Sixth Affirmative Defense:  Elements of Alleged Causes of Action Cannot Be Satisfied:**  Plaintiff cannot satisfy one or more elements of 11 U.S.C. §§ 502, 547, 548, and/or 550, including without limitation that the Transfers caused the Defendant to receive more than it otherwise would have in Chapter 7.

**Seventh Affirmative Defense: Failure to Plead with Particularity**:  Plaintiff failed to state with particularity the circumstances constituting the alleged fraudulent nature of the alleged Transfer(s).

**RESERVATION OF RIGHTS**

Defendant expressly hereby gives notice that it intends expressly reserves and preserves its rights to rely upon any other defenses that may become available or appear during proceedings in

this case and reserves the right to add additional affirmative defenses identified during discovery in this case.

WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice, and that Defendant be awarded its attorneys' fees and costs incurred in defending this action, as well as such other legal and equitable relief as the Court deems proper.

Dated:  September 30, 2021                **MORRIS JAMES LLP**

By: */s/ Jeffrey R. Waxman*
Jeffrey R. Waxman (DE Bar No. 4159)
Sarah M. Ennis (DE Bar No. 5745)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
Telephone: (302) 888-5842
Facsimile: (302) 504-3942
Email: jwaxman@morrisjames.com
         sennis@morrisjames.com

*Attorneys for Defendant*
*Tozour Energy Systems, Inc.*

13106854.v1